NO. 07-11-00303-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



AUGUST
30, 2011

 



 

JAY ANTHONY NOTTINGHAM, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 31ST DISTRICT COURT OF WHEELER
COUNTY;

 

NO. 4416; HONORABLE H. BRYAN POFF, JR., JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

            Appellant Jay Anthony Nottingham
filed a notice of appeal from his conviction of the offense of attempt to take
a weapon from an officer[1]
and his resulting sentence of eighteen years of imprisonment.  While a clerk’s record has not yet been
filed, the trial court clerk has provided us with certified copies of certain
documents.  We have before us copies of
the certification of defendant’s right of appeal, and a “waiver of appeal,”
both apparently bearing appellant’s signature. 
The certification of defendant’s right of appeal, executed by the trial
court and signed by appellant and his trial counsel, states that the case “is a
plea-bargain case, and the defendant has NO right of appeal.”  The “waiver of appeal” requests the trial
court to order appellant’s transfer to the Institutional Division of the
Department of Criminal Justice to serve the sentence imposed by the court.  That document bears the notarized signature
of appellant, and the signature of the trial court, approving appellant’s
request.  The documents provided us by
the clerk also include a copy of written plea admonishments, including a section
entitled “defendant’s waivers and statement on admonishments,” also signed by
appellant and his counsel, which contains the statement “I waive any right to
appeal I may have in this case.” 
Finally, the court’s judgment contains the special finding that
appellant “signed a waiver of appeal.” 
The judgment describes the terms of the plea bargain to include an
eighteen-year sentence of confinement and the State’s agreement to waive its
motion to cumulate sentences.  The
judgment is consistent with those terms. 
All the documents provided us by the trial court clerk are dated and
were filed on June 20, 2011, the date of appellant’s guilty plea and
sentencing. 

            By
letter dated August 3, 2011, we notified appellant of this documentation and
informed him that the appeal is subject to dismissal unless, by August 18, we
received an amended certification illustrating appellant has the right to
appeal or appellant otherwise demonstrates other grounds for continuing the
appeal.

            Appellant
has submitted a response, but it does not contain an amended certification
establishing his right to appeal.  In his
response, appellant asserts the certification provided us is defective because
his counsel filed a pretrial motion to dismiss the prosecution for failure to
provide him a speedy trial, and the trial court denied the motion.  He asserts he is entitled to appeal that
denial.  As appellant acknowledges, the
trial court could have certified his entitlement to appeal the denial of his
pretrial motion, but did not.  Comparing
the trial court’s certification with the documents before us, we cannot agree
that the certification is defective.  The
documents before us, on the contrary, support the trial court’s certification
appellant has no right of appeal.  See Dears v. State, 154 S.W.3d 610,
614-15 (Tex.Crim.App. 2005) (appellate court obligated to compare certification
with record before it).  Accordingly, we
dismiss the appeal.  Tex. R. App. P.
25.2(d); Chavez v. State, 183 S.W.3d
675, 680 (Tex.Crim.App. 2006) (court of appeals must dismiss prohibited appeal
without further action).  

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do
not publish.

 








 











[1]
Tex. Penal Code Ann. § 38.14
(West 2010).